The opinion of the court was delivered by
Bermudez, C. J.
This is a contest for the administration of the succession of the deceased.
From a judgment appointing one of his sons, by a first marriage, his widow, opponent, appeals.
Sylvester Romero married three times. He leaves eleven children, four from the first marriage, one by the second and six by the third, two of the latter being minors, represented by their mother and tutrix, his third wife, who survived him. ■
The application for the administration was made by Cleveland Romero; but opposed by the widow on two grounds.
1. That there are no debts, or, if any, that the same are insignificant; that she is willing and prepared to pay the same, and that consequently it is unnecessary to entail on-the succession the costs, charges and burden of an administration.
2. That all the property left by the deceased being community, she, as survivor and tutrix, is entitled to retain possession of the same, at least as usufructuary.
Eventually she claims a preference over the applicant.
It sufficiently appears that there exist claims against the estate, as well by some of the children of ¿he first marriage as by other parties, for an amount which it is not easy presently to specify, but which seemingly exceed §1500; that there are debts due the deceased, represented by mortgage notes for more than §2500, which are part of the proceeds of property sold which composed the community existing during the first marriage.
It is also claimed that the property which the opponent asserts to belong to the community between her and the deceased, does not belong to that, but to the two previous communities.
It also appears that the deceased has claims to the possession of certain property acquired by him at tax sales, which is still subject to redemption.
The inventory shows assets, movable and immovable, appraised at over §15,000.
*897 The readiness and ability of the widow to pay has not been proved. The reverse has been established.
It is evident that it is necessary that some fit person be appointed to represent the succession, widow and heirs, not only to take possession and keep the movable property and the notes, but also to assist and vindicate its rights for the collection of the notes, and the recovery of property purchased as stated.
The heirs and the widow do not agree among themselves, and there are two minors who are beneficiary heirs.
The succession is not presently in such a condition that the heirs can -be put in possession and proceed to a judicial partition of its assets, whether in kind or otherwise.
Whatever the rights of the widow be, as usufructuary and as tutrix, they can not be asserted to prevent a liquidation of the succession which, on the contrary, is required first to take place before she can be put in possession in either or both capacities.
She is not entitled to the preference claimed.
The law distinctly provides that, in the choice of an administrator, the preference shall be given to the beneficiary heir of age, and present in the State, over any person. R. O. O. 1042 and 1121.
This view of the matter is justified by precedents. 14 An. 641; 7 R. 24; 6 La. 212; 12 An. 610; 5 An. 27; 35 An. 127; Succession M. O. Gaines, 42 An.-, recently decided.
We think that the District Judge, whom the law vests with great discretion in such matters, not lightly to be interfered with, has properly exercised it in making the appointment complained of.
Judgment affirmed.